STRAIN, Superintendent of Banks, et al, Appellants, v. CLOVNING, et al, Respondents.

(256 N. W. 645.)

(File No. 7722. Opinion filed October 16, 1934.)

*Andrew S. Bogue,* of Parker, and *Danforth & Davenport,* of Sioux Falls, for Appellant.

CAMPBELL, J. On December 7, 1931, plaintiff, superintendent of banks, in charge of the insolvent Turner County Bank of Hurley, S. D., secured a judgment against the defendant Osman Clovning in the sum of $3,676 and costs. Previously, and on September 26, 1931 (apparently after the commencement of the action which ripened into the judgment aforesaid), Osman Clovning deeded to his son Andrew certain town property in Canton, S. D., and to his wife Johanna a quarter section in Turner county, S. D., by which two deeds he transferred away all the property he had. Thereafter, and on October 14, 1931, Osman and Johanna, his wife, mortgaged to the defendant Reemtsma the farm thus conveyed by Osman to Johanna purporting by said mortgage to secure the sum of $4,000.

Subsequently, and in August, 1932, this action was commenced by the superintendent of banks to set aside, as in fraud of creditors, the deed to the farm given by Osman to Johanna in September, 1931, and the mortgage thereon given by Osman and Johanna to Reemtsma in October, 1931. It is conceded that no consideration whatsoever, passed for the deed which Osman gave to his wife, and, with reference thereto, the court found as follows: "That on the 26th day of September, 1931, the said O. C. Clovning, defendant, conveyed to defendant, Johanna Clovning, the following described real estate: The Southwest Quarter of Section 17, Township 98, Range 54, Turner County, South Dakota, and that the said O. C. Clovning made said conveyance without consideration and with intent to hinder, delay and defraud plaintiffs in the collection of their claim and that the same was received by defendant, Johanna Clovning, with full knowledge of such intent and that the effect of such conveyance was to make the said defendant, O. C. Clovning, wholly insolvent and without any means or property to satisfy plaintiff's claim," and pursuant to that finding the court held that the deed was void. With reference to the mortgage to Reemtsma, however, the court found as follows: "That on October, 1931, the said O. C. Clovning and Johanna Clovning, defendants, for a full and fair consideration, executed and delivered a real estate mortgage upon said real estate to the defendant, William Reemtsma, in the sum of Four Thousand Dollars, and which mortgage was thereafter recorded in the office of the Register of Deeds of Turner County, South Dakota; that said mortgage was not made to

hinder, delay, or defraud creditors, and is a valid lien against the real estate therein described, and herein described," and pursuant thereto the court made conclusions of law and judgment sustaining the Reemtsma mortgage as a valid lien prior to the judgment of the superintendent of banks.

From so much of the judgment as upholds the validity of the mortgage and the superiority of the same to his judgment lien (and from the denial of his application for new trial), the superintendent of banks has now appealed. Respondents have filed no brief and made no appearance in this court.

Applicable law is too clear to require statement or discussion and the only question in the case is upon the facts. To undertake to recite them would not be particularly profitable. It is sufficient to say that after a careful study of the entire record we are satisfied that the trial court erred in finding that the mortgage in question was "for a full and fair consideration" and "that said mortgage was not made to hinder, delay or defraud creditors." We are entirely convinced that the clear preponderance of all credible evidence is otherwise. Indeed, we are of the opinion that the evidence of Clovning and Reemtsma affirmatively demonstrates that the mortgage was false, fictitious, and fraudulent and given for the specific purpose of defrauding, delaying, and hindering creditors, particularly the present appellant.

The judgment and order appealed from are reversed.

All the Judges concur.